(Official Form 1) (12/02) West Group, Rochester, NY

| FORM B1 | | |
|---|---|---|
| **United States Bankruptcy Court**<br>_NORTHERN_ District of _ILLINOIS_ | | **Voluntary Petition** |

| Name of Debtor (if individual, enter Last, First, Middle):<br>_TOWNSEND, LARRY T._ | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>_TOWNSEND, VERA MAE_ |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>_NONE_ | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>_NONE_ |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all)_2846_ | Last four digits of Soc. Sec. No./Compete EIN or other Tax I.D. No.<br>(if more than one, state all)_6402_ |
| Street Address of Debtor   (No. & Street, City, State & Zip Code):<br>_527 MARSHALL AVENUE_<br>_BELLWOOD IL  60104_ | Street Address of Joint Debtor  (No. & Street, City, State & Zip Code):<br>_527 MARSHALL AVENUE_<br>_BELLWOOD IL  60104_ |
| County of Residence or of the<br>Principal Place of Business:  _COOK_ | County of Residence or of the<br>Principal Place of Business:  _COOK_ |
| Mailing Address of Debtor  (if different from street address):<br>_SAME_ | Mailing Address of Joint Debtor  (if different from street address):<br>_SAME_ |
| Location of Principal Assets of Business Debtor<br>(If different from street address above):  _NOT APPLICABLE_ | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue**  (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor**  (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed**  (Check one box) |
|---|---|---|
| ☒ Individual(s) | ☐ Railroad | ☐ Chapter 7    ☐ Chapter 11    ☒ Chapter 13 |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9    ☐ Chapter 12 |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding |
| ☐ Other _____ | ☐ Clearing Bank | |

| **Nature of Debts**  (Check one box) | **Filing Fee**  (Check one box) |
|---|---|
| ☒ Consumer/Non-Business    ☐ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business**  (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only) |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | Must attach signed application for the court's consideration |
| ☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e) (Optional) | certifying that the debtor is unable to pay fee except in installments.<br>Rule 1006(b). See Official Form No. 3. |

| **Statistical/Administrative Information**    (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br><br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

(Official Form 1) (12/02) West Group, Rochester, NY

## Voluntary Petition
*(This page must be completed and filed in every case)*

**Name of Debtor(s):** FORM B1, Page 2

*LARRY T. TOWNSEND and*
*VERA MAE TOWNSEND*

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| *NONE* | | |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| *NONE* | | |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ LARRY T. TOWNSEND*
Signature of Debtor

X */s/ VERA MAE TOWNSEND*
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

Date

### Signature of Attorney

X */s/ JENNIFER BLANC*
Signature of Attorney for Debtor(s)

*JENNIFER BLANC   6257505*
Printed Name of Attorney for Debtor(s)

*LAW OFFICES OF JENNIFER BLANC*
Firm Name

*60 W. MADISON*
Address

*OAK PARK IL   60302*

*708/848-5291*
Telephone Number                    Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)

☐ Exhibit A is attached and made a part of this petition

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X */s/ JENNIFER BLANC*
Signature of Attorney for Debtor(s)                    Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health and safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

In re  *LARRY T. TOWNSEND and VERA MAE TOWNSEND* _____ / Debtor    Case No._____

(if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled " Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *SINGLE FAMILY HOME 527 MARSHALL AVENUE, BELLWOOD, IL* | *Fee Simple* | J | $ 240,000.00 | $ 185,971.02 |
| | | | | |

No continuation sheets attached

**TOTAL $**
**(Report also on Summary of Schedules.)**

*240,000.00*

In re _LARRY T. TOWNSEND and VERA MAE TOWNSEND_ _____ / Debtor    Case No. _____

(if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | _HOUSEHOLD GOODS_ _Location: In debtor's possession_ | J | $ 1,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | _CLOTHING_ _Location: In debtor's possession_ | J | $ 500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | _STATE FARM FAMILY INSURANCE POLICY FACE VALUE_ _$200,000 OF NO CASH VALUE ($50,000 EACH CHILD,_ _3 KIDS)_ | J | $ 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |

In re _LARRY T. TOWNSEND and VERA MAE TOWNSEND_    / Debtor    Case No. _____
(if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | _1/2 INTEREST IN 2003 FORD TAURUS SE 35,300 MILES_<br>_Location: In co-debtor's possession_ | J | $ 9,925.00 |
| | | _1994 CONVERSION VAN FULL SIZE 152,000 MILES_<br>_Location: In debtor's possession (DEBTORS WILL SURRENDER)_ | J | $ 4,775.00 |
| | | _2001 LINCOLN TOWN CAR SIGNATURE 84,000 MILES_<br>_Location: REPOSSESSION 12/1/2005.  IN LENDER'S POSSESSION_ | W | $ 13,975.00 |
| | | _2002 FORD MUSTANG CONVERTIBLE GT 80,000 MILES_<br>_Location: In debtor's possession_ | H | $ 17,650.00 |

In re _LARRY T. TOWNSEND and VERA MAE TOWNSEND_ _____ / Debtor    Case No. _____

<span style="text-align:right">(if known)</span>

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

Page __3__ of __3__

**Total** ➡    $ 47,825.00

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

In re **LARRY T. TOWNSEND and VERA MAE TOWNSEND** _____ / Debtor    Case No. _____

<span style="text-align:right">(if known)</span>

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b) (1):  Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b) (2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| SINGLE FAMILY HOME 527 MARSHALL AVENUE, BELLWOOD, IL | 735 ILCS 5/12-901 | $ 15,000.00 | $ 240,000.00 |
| HOUSEHOLD GOODS | 735 ILCS 5/12-1001(b) | $ 1,000.00 | $ 1,000.00 |
| CLOTHING | 735 ILCS 5/12-1001(a) | $ 500.00 | $ 500.00 |
| STATE FARM INSURANCE POLICY FACE VALUE $200,000 OF NO CASH VALUE | 735 ILCS 5/12-1001(f) | $ 0.00 | $ 0.00 |
| 1/2 INTEREST IN 2003 FORD TAURUS SE 35,300 MILES | 735 ILCS 5/12-1001(b) | $ 3,000.00 | $ 9,925.00 |
| 2001 LINCOLN TOWN CAR SIGNATURE 84,000 MILES | 735 ILCS 5/12-1001(c) | $ 1,200.00 | $ 13,975.00 |
| 2002 FORD MUSTANG CONVERTIBLE GT 80,000 MILES | 735 ILCS 5/12-1001(c) | $ 1,200.00 | $ 17,650.00 |

FORM B6D (12/03) West Group, Rochester, NY

In re <u>LARRY T. TOWNSEND and VERA MAE TOWNSEND</u> / Debtor       Case No. _____

(if known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column marked "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No: *7078*<br>*Creditor # : 1*<br>*AMERICAN GENERAL FINANCIAL SVC*<br>*3519 W. LAKE STREET*<br>*MELROSE PARK IL 60160-2825* | J | *AUTO LOAN*<br>*1994 CONVERSION VAN FULL SIZE*<br>*152,000 MILES*<br>*DEBTORS WILL SURRENDER*<br>Value: *$ 4,775.00* | | | | *$ 5,649.00* | *$ 874.00* |
| Account No: *6922*<br>*Creditor # : 2*<br>*ARONSON FURNITURE*<br>*3401 W. 47TH STREET*<br>*CHICAGO IL 60632-2927* | W | *2005*<br><br>*HOUSEHOLD GOODS*<br>Value: *$ 1,000.00* | | | | *$ 2,403.00* | *$ 2,403.00* |
| Account No: *3101*<br>*Creditor # : 3*<br>*CENTRIX RESOURCES SYSTEM*<br>*P.O. BOX 172285*<br>*DENVER CO 80217-0285* | X J | *2004*<br>*AUTO LOAN*<br>*1/2 INTEREST IN 2003 FORD*<br>*TAURUS SE 35,300 MILES*<br>*TO BE PAID DIRECTLY BY CO-*<br>Value: *$ 9,925.00* | | | | *$ 13,000.00* | *$ 3,075.00* |
| Account No: *2986*<br>*Creditor # : 4*<br>*CONTINENTAL FURNITURE WEST INC*<br>*1921 N. MANNHEIM ROAD*<br>*MELROSE PARK IL 60160* | J | *4/22/2005*<br><br>*HOUSEHOLD GOODS*<br>Value: *$ 1,000.00* | | | | *$ 3,052.83* | *$ 2,052.83* |

<u>2</u>   continuation sheets attached

Subtotal $ | 24,104.83
(Total of this page)
Total $
(Use only on last page. Report total also on Summary of Schedules)

FORM B6D (12/03) West Group, Rochester, NY

In re  LARRY T. TOWNSEND and VERA MAE TOWNSEND _____ / Debtor     Case No. _____

(if known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No: <br> Creditor # : 5 <br> COOK COUNTY TREASURER <br> P.O. BOX 4488 <br> CAROL STREAM IL 60197-4488 | J | 2004 R.E. TAXES 2ND INSTALLMNT <br> SINGLE FAMILY HOME 527 MARSHALL AVENUE, BELLWOOD, IL <br> 15-09-307-008-0000 <br><br> Value: $ 240,000.00 | | | | $ 1,585.38 | $ 0.00 |
| Account No: 1699 <br> Creditor # : 6 <br> FORD CREDIT <br> P.O. BOX 790093 <br> ST. LOUIS MO 63179-0093 | W | 3/2003 <br> AUTO LOAN <br> 2001 LINCOLN TOWN CAR SIGNATURE 84,000 MILES <br><br> Value: $ 13,975.00 | | | | $ 17,847.35 | $ 3,872.35 |
| Account No: 1858 <br> Creditor # : 7 <br> GMAC MORTGAGE <br> P.O. BOX 9001719 <br> LOUISVILLE KY 40290-1719 | J | SECOND MORTGAGE <br> SINGLE FAMILY HOME 527 MARSHALL AVENUE, BELLWOOD, IL <br><br> Value: $ 240,000.00 | | | | $ 9,139.65 | $ 0.00 |
| Account No: 1858 <br> Creditor # : 8 <br> GMAC MORTGAGE <br> P.O. BOX 9001719 <br> LOUISVILLE KY 40290-1719 | J | SECOND MORTGAGE ARREARS <br> SINGLE FAMILY HOME 527 MARSHALL AVENUE, BELLWOOD, IL <br><br> Value: $ 240,000.00 | | | | $ 137.09 | $ 0.00 |
| Account No: 9706 <br> Creditor # : 9 <br> SAXON MORTGAGE SERVICES, INC. <br> P.O. BOX 961105 <br> FORT WORTH TX 76161-0105 | J | Mortgage <br> SINGLE FAMILY HOME 527 MARSHALL AVENUE, BELLWOOD, IL <br><br> Value: $ 240,000.00 | | | | $ 173,881.77 | $ 0.00 |
| Account No: 9706 <br> Creditor # : 10 <br> SAXON MORTGAGE SERVICES, INC. <br> P.O. BOX 961105 <br> FORT WORTH TX 76161-0105 | J | Mortgage Arrears <br> SINGLE FAMILY HOME 527 MARSHALL AVENUE, BELLWOOD, IL <br><br> Value: $ 240,000.00 | | | | $ 1,227.13 | $ 0.00 |

H--Husband
W--Wife
J--Joint
C--Community

Sheet No. 1  of  2  continuation sheets attached to Schedule of Creditors
Holding Secured Claims

Subtotal $ (Total of this page)     203,818.37

Total $
(Use only on last page. Report total also on Summary of Schedules)

FORM B6D (12/03) West Group, Rochester, NY

In re _LARRY T. TOWNSEND and VERA MAE TOWNSEND_____ / Debtor    Case No._____

(if known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including Zip Code | C o d e b t o r | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No: *9423*  *Creditor # : 11* *WELLS FARGO FINANCIAL* *2501 SEAPORT DRIVE* *STE BH-300* *CHESTER PA 19013-1510* | H | *2/2005* *AUTO LOAN* *2002 FORD MUSTANG CONVERTIBLE* *GT 80,000 MILES*   Value: *$ 17,650.00* | | | | *$ 19,000.00* | *$ 1,350.00* |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |

Sheet No. 2 of 2 continuation sheets attached to Schedule of Creditors
Holding Secured Claims

| | |
|---|---|
| Subtotal $ (Total of this page) | *19,000.00* |
| Total $ (Use only on last page. Report total also on Summary of Schedules) | *246,923.20* |

In re _LARRY T. TOWNSEND and VERA MAE TOWNSEND_____/ Debtor    Case No._____

(if known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

No continuation sheets attached

FORM B6F (12/03) West Group, Rochester, NY

In re  LARRY T. TOWNSEND and VERA MAE TOWNSEND_____ / Debtor      Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three  columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:  *4035*<br><br>*Creditor # : 1*<br>*ALL SEASON COMFORT GUARD*<br>*P.O. BOX 3042*<br>*NAPERVILLE IL 60563-3042* | *H* | *COLLECTION ON ACCOUNT* | | | | $ 57.27 |
| Account No:<br><br>*Representing:*<br>*ALL SEASON COMFORT GUARD* | | *E R SOLUTIONS INC.*<br>*P.O. BOX 9004*<br>*RENTON WA 98057-9004* | | | | |
| Account No:  *1487*<br><br>*Creditor # : 2*<br>*AT & T*<br>*P.O. BOX 8212*<br>*AURORA IL 60572-812* | *H* | *PHONE BILL* | | | | $ 96.04 |
| Account No:<br><br>*Creditor # : 3*<br>*BANK OF AMERICA*<br>*P.O. BOX 650071*<br>*DALLAS TX 75265-0071* | *W* | *Credit Card Purchases* | | | | $ 540.00 |

_5_ continuation sheets attached

Subtotal $ ...... 693.31
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re  LARRY T. TOWNSEND and VERA MAE TOWNSEND                    / Debtor      Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: | W | | | | | $ 1,977.00 |
| Creditor # : 4 CHASE NA 201 N. WALNUT MAILSTOP DE1-1027 WILMINGTON DE 19801 | | Credit Card Purchases | | | | |
| Account No:  3231 | H | | | | | $ 49.60 |
| Creditor # : 5 CHGOLAND EMERGENCY PHYSICIAN C/O VAN RU CREDIT CORPORATION 10024 SKOKIE BLVD. STE 3 SKOKIE IL 60077 | | COLLECTION ON ACCOUNT | | | | |
| Account No: | W | | | | | $ 143.00 |
| Creditor # : 6 CITIBANK P.O. BOX 769006 SAN ANTONIO TX 78245-9006 | | Credit Card Purchases | | | | |
| Account No:  0018 | H | | | | | $ 300.00 |
| Creditor # : 7 CITY OF CHICAGO C/O LINEBARGER GOGGAN ET AL P.O. BOX 06152 CHICAGO IL 60606-0152 | | PARKING TICKETS | | | | |
| Account No:  8678 | W | | | | | $ 200.00 |
| Creditor # : 8 CITY OF CHICAGO C/O LINEBARGER GOGGAN ET AL P.O. BOX 06152 CHICAGO IL 60606-0152 | | PARKING TICKETS | | | | |
| Account No:  9026 | H | | | | | $ 154.45 |
| Creditor # : 9 COMED BILL PAYMENT CENTER CHICAGO IL 60668-0001 | | Utility Bills | | | | |

Sheet No.  1  of  5  continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   2,824.05
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re <u>LARRY T. TOWNSEND and VERA MAE TOWNSEND</u> / Debtor     Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | c o n t i n g e n t | u n l i q u i d a t e d | d i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: 4018<br><br>**Creditor # : 10**<br>**CONSULTANTS ENDOCRINOLOGY**<br>**300 S. ASHLAND AVENUE**<br>**STE 104**<br>**CHICAGO IL 60607-2746** | H | *Medical Bills* | | | | $ 48.60 |
| Account No: 7894<br><br>**Creditor # : 11**<br>**GOTTLIEB MEMORIAL HOSPITAL**<br>**C/O HARRIS & HARRIS, LTD.**<br>**600 W. JACKSON, STE 400**<br>**CHICAGO IL 60661** | H | *Medical Bills* | | | | $ 278.60 |
| Account No: 485B<br><br>**Creditor # : 12**<br>**MEDICAL IMAGING PROFESSIONALS**<br>**9410 COMPUBILL DRIVE**<br>**ORLAND PARK IL 60462** | H | *Medical Bills*<br>*SEVERAL ACCOUNTS* | | | | $ 114.56 |
| Account No:<br><br>*Representing:*<br>**MEDICAL IMAGING PROFESSIONALS** | | *KCA FINANCIAL SVC*<br>*628 N. STREET*<br>*P.O. BOX 53*<br>*GENEVA IL 60068* | | | | |
| Account No: 3639<br><br>**Creditor # : 13**<br>**MIDTOWN PHYSICIANS, S.C.**<br>**6538 W. CERMAK RD**<br>**P.O. BOX 577**<br>**BERWYN IL 60402** | H | *Medical Bills* | | | | $ 79.00 |
| Account No:<br><br>**Creditor # : 14**<br>**NCO/MARLIN INTEGRATED CAPITAL**<br>**507 PRUDENTIAL RD.**<br>**HORSHAM PA 19044** | H | *COLLECTION ON ACCOUNT* | | | | $ 150.00 |

Sheet No. __2__ of __5__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

**Subtotal $**     670.76
(Total of this page)

**Total $**
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re _LARRY T. TOWNSEND and VERA MAE TOWNSEND_ _____ / Debtor      Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   1847<br>**Creditor # : 15**<br>**NICOR**<br>**P.O. BOX 310**<br>**AURORA IL 60507-0310** | | H | *Utility Bills* | | | | $ 358.81 |
| Account No:   1485<br>**Creditor # : 16**<br>**NORTHERN IL EMER & OCC ME**<br>**C/O KCAFS 628 N. STREET**<br>**P.O. BOX 53**<br>**GENEVA IL 60134** | | H | *Medical Bills* | | | | $ 38.72 |
| Account No:   A000<br>**Creditor # : 17**<br>**OAK PARK OPEN MRI, LLC**<br>**P.O. BOX 501170**<br>**ST. LOUIS MO 63150-1170** | | H | *Medical Bills* | | | | $ 227.21 |
| Account No:<br><br>*Representing:*<br>OAK PARK OPEN MRI, LLC | | | *DEPENDON COLLECTION*<br>*7627 W . LAKE ST*<br>*SUITE 210*<br>*RIVER FOREST IL 60305* | | | | |
| Account No:   1926<br>**Creditor # : 18**<br>**OAK PARK PHYSICIAN GRP**<br>**C/O HARVARD COLL SVCS. INC.**<br>**4839 N. ELSTON AVENUE**<br>**CHICAGO IL 60630-2534** | | H | *Medical Bills* | | | | $ 180.00 |
| Account No:<br>**Creditor # : 19**<br>**PALISADES**<br>**210 SYLVAN AVENUE**<br>**ENGLEWOOD CLIFFS NJ 07632** | | W | *COLLECTION ON ACCOUNT* | | | | $ 543.00 |

Sheet No. _3_ of _5_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ | 1,347.74
(Total of this page)
**Total $**
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re  LARRY T. TOWNSEND and VERA MAE TOWNSEND _____ / Debtor     Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State.  H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:  7101  <br> Creditor # : 20 <br> RJM PATHOLOGY CONSULTANTS, LTD <br> 34520 EAGLE WAY <br> CHICAGO IL 60678 | H | Medical Bills | | | | $ 59.28 |
| Account No:  3411  <br> Creditor # : 21 <br> SMILE SUCCESS DENTAL CARE <br> P.O. BOX 71 <br> 235 MANNHEIM ROAD <br> BELLWOOD IL 60104 | H | Medical Bills | | | | $ 35.00 |
| Account No:  3900  <br> Creditor # : 22 <br> VILLAGE OF BELLWOOD <br> 3200 WASHINGTON BLVD. <br> BELLWOOD IL 60104 | H | Utility Bills | | | | $ 194.00 |
| Account No:  0785  <br> Creditor # : 23 <br> VILLAGE OF BELLWOOD <br> 3200 WASHINGTON BLVD. <br> BELLWOOD IL 60104 | W | TICKETS | | | | $ 250.00 |
| Account No: <br> Representing: <br> VILLAGE OF BELLWOOD | | MUNICIPAL COLLECTION SERVICES <br> P.O. BOX 666 <br> LANSING IL 60438-0666 | | | | |
| Account No:  8582  <br> Creditor # : 24 <br> VILLAGE OF RADIOLOGY <br> 121 N. MARION ST. <br> OAK PARK IL 60301-1166 | H | Medical Bills | | | | $ 35.60 |

Sheet No.  4  of  5  continuation sheets attached to Schedule of

Creditors Holding Unsecured Nonpriority Claims

Subtotal $        573.88
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re  LARRY T. TOWNSEND and VERA MAE TOWNSEND                    / Debtor        Case No._____

                                                                                            (if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: Creditor # : 25 WEST SIDE PATHOLOGY ASSOCIATES DEPT. 2050 P.O. BOX 87165 CAROL STREAM IL 60188-7165 | H | Medical Bills | | | | $ 51.00 |
| Account No:   4074 Creditor # : 26 WEST SUBURBAN HEALTH CARE 1000 W. LAKE ST. STE 203 OAK PARK IL 60301-1131 | H | Medical Bills | | | | $ 36.14 |
| Account No:   4074 Creditor # : 27 WEST SUBURBAN HEALTH CARE 1000 W. LAKE ST. STE. 203 OAK PARK IL 60301-1131 | H | Medical Bills SEVERAL ACCOUNTS (0198, 7425) | | | | $ 114.77 |
| Account No:   2255 Creditor # : 28 WEST SUBURBAN HOSPITAL MDL CTR DEPT. 4746 CAROL STREAM IL 60122 | H | Medical Bills SEVERAL ACCOUNTS (0658, 6279) | | | | $ 296.61 |
| Account No: Representing: WEST SUBURBAN HOSPITAL MDL CTR | | MALCOLM S. GERALD & ASSOC. 332 S. MICHIGAN STE 600 CHICAGO IL 60604 | | | | |
| Account No: | | | | | | |

Sheet No.   5   of   5   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal $ (Total of this page) | 498.52 |
| Total $ (Report total also on Summary of Schedules) | 6,608.26 |

In re _LARRY T. TOWNSEND and VERA MAE TOWNSEND_ _____ / Debtor    Case No. _____

(if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

In re *LARRY T. TOWNSEND and VERA MAE TOWNSEND* _____ / Debtor

Case No. _____

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| *TYESHA TOWNSEND* | *CENTRIX RESOURCES SYSTEM*<br>*P.O. BOX 172285*<br>*DENVER CO  80217-0285* |

FORM B6I (6/90) West Group, Rochester, NY

In re *LARRY T. TOWNSEND and VERA MAE TOWNSEND* _____ / Debtor    Case No. _____

(if known)

# SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: *Married* | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| | *SON* | *18* |
| | *DAUGHTER* | *12* |
| | *SON* | *3* |
| | *SISTER* | *38* |
| | *DISABLED NEPHEW* | *19* |
| | *NEPHEW* | *16* |
| | *NIECE* | *15* |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | *PROCESS OPERATOR* | *MAINTENANCE TECH* |
| Name of Employer | *MASTER FOOD USA* | *MASTER FOOD USA* |
| How Long Employed | *16 YEARS* | *16 YEARS* |
| Address of Employer | *2019 N. OAK PARK AVENUE* *CHICAGO IL  60707* | *2019 N. OAK PARK AVENUE* *CHICAGO IL  60607* |

| Income: (Estimate of average monthly income) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | *4,387.72* | $ | *0.00* |
| Estimated Monthly Overtime | $ | *0.00* | $ | *0.00* |
| SUBTOTAL | $ | *4,387.72* | $ | *0.00* |
| LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll Taxes and Social Security | $ | *817.66* | $ | *0.00* |
| b. Insurance | $ | *63.87* | $ | *0.00* |
| c. Union Dues | $ | *0.00* | $ | *0.00* |
| d. Other (Specify): *PENSION* | $ | *289.73* | $ | *0.00* |
| | $ | *0.00* | $ | *0.00* |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | *1,171.26* | $ | *0.00* |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | *3,216.46* | $ | *0.00* |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | *0.00* | $ | *0.00* |
| Income from Real Property | $ | *0.00* | $ | *0.00* |
| Interest and dividends | $ | *0.00* | $ | *0.00* |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | *0.00* | $ | *0.00* |
| Social Security or other government assistance | | | | |
| Specify: *WIFE'S DISABILITY INCOME* | $ | *2,640.00* | $ | *0.00* |
| Pension or retirement income | $ | *0.00* | $ | *0.00* |
| Other monthly income | | | | |
| Specify: *CONTRIBUTORY DISABILITY* | $ | *579.00* | $ | *0.00* |
| TOTAL MONTHLY INCOME | $ | *6,435.46* | $ | *0.00* |
| TOTAL COMBINED MONTHLY INCOME       $ | *6,435.46* | | | |
| (Report also on Summary of Schedules) | | | | |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re LARRY T. TOWNSEND and VERA MAE TOWNSEND _____ / Debtor        Case No. _____

(if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,227.13 |
| Are real estate taxes included?    Yes ☐    No ☒ | | |
| Is property insurance included?    Yes ☐    No ☒ | | |
| Utilities: Electricity and heating fuel | $ | 450.00 |
| Water and sewer | $ | 94.00 |
| Telephone | $ | 100.66 |
| Other    401K LOAN | $ | 695.58 |
| Other    SECOND MORTGAGE | $ | 137.09 |
| Home maintenance (Repairs and upkeep) | $ | 100.00 |
| Food | $ | 600.00 |
| Clothing | $ | 200.00 |
| Laundry and dry cleaning | $ | 75.00 |
| Medical and dental expenses | $ | 213.00 |
| Transportation (not including car payments) | $ | 500.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 20.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| Homeowner's or renter's | $ | 74.00 |
| Life | $ | 120.00 |
| Health | $ | 0.00 |
| Auto | $ | 325.00 |
| Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage) | | |
| Specify:    RE TAXES | $ | 254.00 |
| Installment payments: (in chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 0.00 |
| Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other:    PERSONAL GROOMING | $ | 90.00 |
| Other:    AUTO REPAIR/MAINTENANCE | $ | 100.00 |
| TOTAL MONTHLY EXPENSES    (Report also on Summary of Schedules) | $ | 5,375.46 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---:|
| A. Total projected monthly Income | $ | 6,435.46 |
| B. Total projected monthly expenses | $ | 5,375.46 |
| C. Excess Income (A minus B) | $ | 1,060.00 |
| D. Total amount to be paid into plan each:    Weekly | $ | 244.62 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re *LARRY T. TOWNSEND and VERA MAE TOWNSEND*

Case No.
Chapter  *13*

_____ / Debtor

## SUMMARY OF SCHEDULES
### Amended

Indicate as to each schedule whether that schedule is attached and state the number of pages on each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's  liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A-Real Property | *Yes* | *1* | $      240,000.00 | | |
| B-Personal Property | *Yes* | *3* | $       47,825.00 | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *3* | | $   246,923.20 | |
| E-Creditors Holding Unsecured Priority Claims | *Yes* | *1* | | $         0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *6* | | $     6,608.26 | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $     6,435.46 |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *1* | | | $     5,375.46 |
| Total Number of Sheets in All Schedules ▶ | | *19* | | | |
| Total Assets ▶ | | | $      287,825.00 | | |
| Total Liabilities ▶ | | | | $   253,531.46 | |

FORM B6 (6/90) West Group, Rochester, NY

In re _LARRY T. TOWNSEND and VERA MAE TOWNSEND_ _____ / Debtor    Case No. _____

(if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___20___ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: _____      Signature _/s/ LARRY T. TOWNSEND_ _____
_LARRY T. TOWNSEND_

Date: _____      Signature _/s/ VERA MAE TOWNSEND_ _____
_VERA MAE TOWNSEND_

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *LARRY T. TOWNSEND*
   *and*
   *VERA MAE TOWNSEND*

Case No.
Chapter  *13*

_____/ Debtor

### STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

### 1. Income from employment or operation of business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| *H* | *MASTERFOODS USA* |
| *Year to date:58,684.78* | |
| *2004:71,245.00* | |
| *2003:65,156.00* | |
| | |
| *W* | *MASTERFOODS USA* |
| *Year to date:27183.52* | |
| *2004:71,009* | |
| *2003:52,548* | |

## 2. Income other than from employment or operation of business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                          SOURCE

*W*                              *CIGNA COMPANIES (DISABILITY)*
*Year to date:10,560*
*2004:0*
*2003:0*

## 3. Payments to creditors.

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 4. Suits and administrative proceedings, executions, garnishments and attachments.

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 5. Repossessions, foreclosures and returns.

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| *Name:FORD CREDIT Address:P.O. BOX 790093, ST. LOUIS, MO 63179-0093* | *12/1/2005* | *Description:2001 LINCOLN TOWN CAR Value:$13,975* |

## 6. Assignments and receiverships.

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

Statement of Affairs - Page 2

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case .(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 7. Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.(Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| Name:SALVATION ARMY Addresss:BELLWOOD, IL | | 2005 | Description:CLOTHING Value:$2000 |

---

### 8. Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 9. Payments related to debt counseling or bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

☒ NONE

---

### 10. Other transfers.

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 11. Closed financial accounts.

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Institution:CHARTER ONE CHECKING Address: | Account Type and No.: CHECKING Final Balance:NEGATIVE | CLOSED 6/05 |

---

### 12. Safe deposit boxes.

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**13. Setoffs.**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**14. Property held for another person.**

List all property owned by another person that the debtor holds or controls.

☒ NONE

**15. Prior address of debtor.**

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

☒ NONE

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

☒ NONE

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, release of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under and Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

☒ NONE

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☒ NONE

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

☒ NONE

Statement of Affairs - Page 4

**18. Nature, location and name of business**

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencment of this case.

☒ NONE

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

☒ NONE

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of Perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date _____    Signature _/s/ LARRY T. TOWNSEND_____
                                              _LARRY T. TOWNSEND_

Date _____    Signature _/s/ VERA MAE TOWNSEND_____
                                              _VERA MAE TOWNSEND_

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. § 152 and § 3571.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re  **LARRY T. TOWNSEND**
      *and*
    **VERA MAE TOWNSEND**

Case No.

Chapter *13*

_____ / Debtor

Attorney for Debtor:  **JENNIFER BLANC**

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in
      connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____*2,500.00*
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . $ _____*700.00*
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . $ _____*1,800.00*

3. $ _____*194.00*_____ of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
      file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the
      court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
   services performed, and
      *None other*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
   be from earnings, wages and compensation for services performed, and
      *None other*

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for
   the value stated:
      *None*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
   law firm, any compensation paid or to be paid except as follows:
      *None*

Dated:                  Respectfully submitted,

                 X */s/ JENNIFER BLANC* _____

Attorney for Petitioner: *JENNIFER BLANC*
                      *LAW OFFICES OF JENNIFER BLANC*
                      *60 W. MADISON*
                      *OAK PARK IL  60302*